IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02138-BNB

RICHARD S. JONES,

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS, and
COLORADO DIVISION OF ADULT PAROLE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 10 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Richard S. Jones has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and he seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Leave to proceed *in forma pauperis* will be granted. Mr. Jones is challenging both the validity and the execution of his sentence in this action and he claims that his rights under the United States Constitution have been violated. As relief Mr. Jones seeks money damages and his immediate release from custody.

The Court must construe the complaint liberally because Mr. Jones is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate

for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the complaint and the action.

As noted above, Mr. Jones is challenging both the validity and the execution of his sentence. He alleges that he was convicted in 1991 in the Arapahoe County District Court pursuant to a guilty plea and that he was sentenced to a term of sixteen years in prison. Mr. Jones asserts that he has been released from prison but that he remains in custody under parole supervision. Although the claims he is raising in this action are not entirely clear, Mr. Jones apparently contends that the sentence imposed by the state court was illegal because it exceeded the sentence to which he agreed in his plea agreement and he contends that his parole should be discharged because he has completed his entire sentence.

To the extent Mr. Jones seeks an immediate release from custody, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). To the extent he is challenging the validity of his sentence, he must seek habeas corpus relief pursuant to 28 U.S.C. § 2254. To the extent he is challenging the execution of his sentence because he believes that he has completed his sentence, he must seek habeas corpus relief pursuant to 28 U.S.C. § 2241. In either case, the Court will not consider the merits of any habeas corpus claims in this action because, although Mr. Jones alleges he has exhausted administrative remedies, there is no indication that he has exhausted state court remedies for his habeas corpus claims. *See* 28 U.S.C. § 2254(b)(1); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief pursuant to § 2241.)

The only other relief Mr. Jones seeks is an award of money damages. However, Mr. Jones may not recover damages for the claims he is asserting in this action because those claims challenge the validity and execution of his sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Jones does not allege, and nothing in the Court's file indicates, that he has invalidated his sentence or the term of parole he currently is serving. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on November 13, 2007, is granted and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on October 1, 2007, is denied as moot. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 5 day of December, 2007.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02138-BNB

Richard S. Jones
19200 E. Eldorado Drive
Aurora, CO 80013

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/10/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk